
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SOCORRO PULIDO TREYES; DIEGO
PULIDO TREYES; VALERIA
ARIZBETH PULIDO TREYES,

Petitioners,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   18-73198

Agency Nos.        A208-311-844
                   A208-311-845
                   A208-311-846

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 12, 2020**
Portland, Oregon

Before:  BYBEE and VANDYKE, Circuit Judges, and CARDONE,*** District
Judge.

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Kathleen Cardone, United States District Judge for the
Western District of Texas, sitting by designation.

Petitioner Socorro Pulido Treyes,[1] a native and citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing her appeal from the denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). She contends that the Immigration Judge (IJ) failed to consider the totality of the evidence in deciding that Treyes's testimony was not credible. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review adverse credibility determinations for substantial evidence. *See Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014). As a finding of fact, a credibility determination is "conclusive unless any reasonable adjudicator would be compelled to conclude the contrary." *Manes v. Sessions*, 875 F.3d 1261, 1263 (internal quotation marks omitted). "Under the REAL ID Act, which applies here, there is no presumption that an applicant for relief is credible, and the IJ is authorized to base an adverse credibility determination on the totality of the circumstances and all relevant factors." *Id.* (citation and internal quotation marks omitted). An adverse credibility determination alone, when properly based on

---

[1] Socorro is the lead petitioner. Her minor children, Diego and Valeria, are derivative claimants on Socorro's application. No independent evidence was presented on their behalf, and their claims are entirely dependent on their mother's. Thus, our holdings on Socorro's application apply equally to all three petitioners.

substantial evidence, is enough to support the denial of asylum. *See Shrestha v. Holder*, 590 F.3d 1034, 1048 n.6 (9th Cir. 2010).

1.      Substantial evidence supported the adverse credibility determination here. The IJ based his determination on two inconsistencies between Treyes's testimony, other testimony, and the record evidence. The first inconsistency is that Treyes testified at her hearing that she remained in her car during the entire third encounter with the gang, while her signed declaration said that a gang member pulled her from the car at the beginning of the confrontation. Treyes testified that the declaration's version of events was in error, but this explanation is unconvincing in light of the certification from the declaration's translator that Treyes verified the statement's accuracy before signing it. This is not a minor slip of the tongue that would not ordinarily support an adverse credibility finding. *See Ren v. Holder*, 648 F.3d 1079, 1087 (9th Cir. 2011) (explaining that minor inconsistency voluntarily corrected in the moment is not sufficient to support an adverse credibility finding).

The second discrepancy was that Treyes testified that she moved away from her hometown after the second threat, while her mother testified that Treyes never moved. Treyes never offered any explanation for this inconsistency. It was not an error for the IJ to consider Treyes's mother's testimony in finding Treyes not

3

credible. *See Kin v. Holder*, 595 F.3d 1050, 1057 (9th Cir. 2010) ("When inconsistencies exist between the testimony of multiple witnesses . . . , it is not a matter of a communication problem requiring clarification, but of determining how the evidence fits together.").

In sum, the BIA's conclusion that the IJ properly denied Treyes's asylum claim on adverse-credibility grounds is supported by substantial evidence. The inconsistencies between Treyes's testimony and the other evidence in the record undermined her credibility. Because the BIA's conclusion is supported by substantial evidence, Treyes cannot satisfy her burden of proving that she is eligible for asylum. We therefore do not reach the IJ's and BIA's alternative holdings that, even if Treyes were credible, she still failed to show asylum eligibility.

2.     Treyes also raises a due process challenge based on the IJ's refusal to accept a late-filed affidavit from her children's father and the subsequent denial of her motion to continue the hearing to allow the government to review the affidavit. To establish a due process violation, Treyes must demonstrate both agency error and prejudice arising from that error. *See Lopez-Umanzor v. Gonzales*, 405 F.3d 1049, 1058 (9th Cir. 2005) (noting that, to prevail on a due process challenge, the alien "must show prejudice, which means that the outcome of the proceeding may have

4

been affected by the alleged violation" (internal quotation marks and emphasis omitted)). Even if Treyes could show an error here, she cannot show prejudice. The affidavit does not go to the heart of the reason why her petition was ultimately denied—namely, the inconsistencies between Treyes's testimony and the other record evidence. The affidavit does not explain any of the discrepancies underlying the IJ's adverse credibility finding. Nor does it address any of the IJ's alternative holdings.

PETITION FOR REVIEW DENIED.